## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                         Case No. 12-CR-97

SUSAN D. TATRO,

    Defendant.

## **DECISION AND ORDER**

On May 8, 2012, a federal grand jury in this district returned a 30-count indictment against defendant Susan D. Tatro alleging that from at least January 2006 until January 2011, she devised a scheme to defraud her employer and engaged in embezzlement by wire fraud in violation of 18 U.S.C. § 1343. The indictment contains a forfeiture provision. On June 7, 2012, the defendant appeared before United States Magistrate Judge James R. Sickel for arraignment, entering a plea of not guilty to the charges.

On June 26, 2012, the defendant filed a motion to compel discovery. (Docket #9). By this motion, the defendant seeks an order compelling the government, among other things, to preserve receipt books, hard copy receipts, emails, petty cash records, and to provide copies of any evidence seized as a result of a search at the defendant's workplace or bank accounts. The defendant also seeks the statements or summaries of statements made by witnesses that may be exculpatory or material to the defense.

1

As an initial matter, any motion for discovery must be accompanied by a statement mandated by Criminal Local Rule 16(b) (E.D. Wis.). The local rule, which is referenced in the Pretrial Order issued to the parties at the arraignment, requires that all discovery motions be accompanied by a statement of counsel that the parties met and conferred and that they are unable to resolve their discovery dispute. See Crim. L. R. 16(b); see also, Pretrial Order dated June 7, 2012 at 1. No such statement was provided with the defendant's motion. Accordingly, the defendant's motion to compel may be denied outright since she failed to comply with Crim. L. R, 16(b),

In response to the motion to compel, the government asserts that the motion is premature. Specifically, the government states that it had asked the defendant to provide a description of the materials she believed to be in the possession of her employer so that the government could request the materials from the employer. It appears that the defendant did not respond to the government because the government states that it would use the description of the materials in the defendant's motion to follow-up with the defendant's employer and notify her of the results. See Government's Response to Defendant's Discovery Motion at 1-2.

The government further indicates that it is following its open file discovery policy and has timely turned over all discovery materials in its possession to the defendant. In addition, the government states that it immediately will turn over to the defendant any additional open file material which comes into its possession. Id., at 1. Indeed, the defendant has no objection to a deferred ruling on her motion. See Defendant's Response to Government's Request for a Deferral of a Ruling on Defendant's Discovery Motion at 1. However, a deferred ruling is unnecessary.

Rule 16 of the Federal Rules of Criminal Procedure addresses discovery in criminal cases. Rule 16(a)(1) specifically sets forth information which the government must disclose "upon a defendant's request." For example, Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Therefore, a defendant only needs to request discovery under Rule 16 (a)(1). No motion to compel need be filed.

In addition, the government's "open file" contains all material discoverable pursuant to Fed. R. Crim. P. 16, as well as exculpatory material discoverable pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Thus, most, if not all, of the information the defendant seeks in her motion is included within the parameters of the open file policy and Rule 16 and has been or will be provided to the defendant. Accordingly, the motion's motion to compel discovery will be denied.

In her motion, the defendant also seeks "leave to file further motions as may be necessary." (Defendant's Memorandum in Support of the Motion to Compel, at 5). This request is vague as the defendant does not provide any reason why she requires time to file additional motions, nor does she indicate what additional motions may be filed.[1] Accordingly, at this time, this request will be denied.

---

[1] The court notes that United States District Judge William C. Griesbach has granted a continuance of the trial date. See Court's Order of June 27, 2012. However, it appears that the defendant sought a continuance in order to allow time for an accountant to review the discovery and because defendant's

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to compel discovery be and hereby is **denied**. (Docket #9).

**IT IS FURTHER ORDERED** that the defendant's request to file further motions be and hereby is denied at this juncture.

Dated at Milwaukee, Wisconsin this 9th day of July, 2012.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

---

counsel had a vacation planned during the original trial date. See Defendant's Motion to Continue Trial at 2-3. Therefore, the mere fact that the trial date has been adjourned does not provide sufficient reason at this time for this court to grant the defendant's open-ended request for leave to file additional motions.

4