# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                   Case No. 12-CR-97

SUSAN D. TATRO,

    Defendant.

## DECISION AND ORDER

On May 8, 2012, a federal grand jury in this district returned a 30-count indictment against defendant Susan D. Tatro alleging that from at least January 2006 until January 2011, she devised a scheme to defraud her employer and engaged in embezzlement by wire fraud in violation of 18 U.S.C. § 1343. The indictment contains a forfeiture provision. On June 7, 2012, the defendant entered a plea of not guilty to the charges.

By a decision and order issued on July 9, 2012, this court denied the defendant's motion to compel discovery. The motion was denied because the defendant failed to comply with Criminal Local Rule 16(b), which requires that all discovery motions to be accompanied by a statement that the parties met and conferred but were unable to resolve their discovery disputes. See Court's Order of July 9, 2012, at 2. The court also denied the motion because Fed. R. Crim. P. 16(a)(1) makes it clear that the defendant does not need to file a motion in order to obtain certain discovery; the defendant need only request that discovery from the government. In this case, the

1

government's response to the defendant's motion indicated that the government was in the process of fulfilling the defendant's request for discovery, was following its open file discovery policy, and either had provided or would provide the defendant with the information she was seeking through her motion. In light of the fact that the defendant's motion was unnecessary, it was denied. Id. at 2-3. The court also denied the defendant's request to file additional motions, finding the request was vague, open-ended, and failed to provide sufficient cause to permit additional motions. Id. at 3, n.1

By letter dated July 11, 2012, the defendant now is requesting "that this [motion to compel] be allowed to be heard or re-visited." (Defendant's Letter dated July 11, 2012, at 1.) The defendant states that since the court's July 9, 2012, order, the government has "turned over additional documents which we had not previously been provided with and which constitute information that is necessary for the presentation of our defense."[1] Id. The defendant also observes that it appears that the government may have additional information. The government responded by letter dated July 12, 2012, stating that "we are aware of our discovery obligations, we take them seriously, and we want the defense to have timely access." (Government's Letter of July 12, 2012, at 1).

The defendant acknowledges that the government is continuing to provide her with discovery information as it comes to the government's attention. The deadline for filing pretrial motions in this case was June 27, 2012. At this juncture, the defendant has not presented a sufficient basis for granting additional time to file these motions. Moreover,

---

[1] The court observes that the reason certain information was not provided to the defendant before the defendant's initial motion to compel is because the government was awaiting clarification from the defendant herself before the government requested that information from the defendant's former employer. See Government's Response to Defendant's Motion to Compel at 1-2. It appears that the defendant filed her initial motion to compel rather than provide the requested specifics to the government. The government used the specifics set forth in the defendant's motion to "conduct the appropriate follow-up" with the defendant's former employer. Id.

United States District Judge William C. Griesbach has extended the trial deadline in this case, so there appears to be sufficient time for the parties to gather additional discovery. The defendant's counsel is urged to comply with its obligation to meet and confer in good faith before seeking the court's intervention to resolve a discovery issue that has not ripened into an actual dispute. Accordingly, the defendant's request that this court re-open the defendant's motion to compel will be denied.

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's request to re-open or re-visit the defendant's motion to compel be and hereby is **denied**. (Docket #14).

Dated at Milwaukee, Wisconsin this 13th day of July, 2012.

> BY THE COURT:
>
> s/ Patricia J. Gorence
> PATRICIA J. GORENCE
> United States Magistrate Judge